UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE                )<br>COMPLAINT OF STEPHENS         )<br>MARITIME SERVICES, INC.         )<br>AS OWNER PRO HAC VICE OF    )<br>OF THE M/V MISS DESTY           )<br>                                                        )<br>                                                        )<br>         **Petitioner**                        )  | CIV. ACT. NO. 1:20-cv-566-TFM-C |

## ORDER

Pending before the Court is the *Unopposed Motion to Dissolve Injunction and to Lift Stay* (Doc. 13, filed May 14, 2021) filed by Limitation Claimant Brandon Whitworth ("Whitworth" or "Claimant"). Petitioner Stephens Maritime Services, Inc. ("Stephens Maritime" or "Petitioner"), as owner *pro hac vice* of the M/V MISS DESTY, avers that the stipulations offered by the Claimants are acceptable and does not oppose the motion. For the reasons discussed below, the motion is **GRANTED**.

### I.   BACKGROUND

The Verified Complaint alleges Petitioner was the owner and operator of the M/V MISS DESTY at all material times. On September 1, 2019, a collision occurred between the recreational vessel operated by Limitation Claimant Brandon L. Whitworth and Barge BHS H101 in the Intercoastal Waterway, at or around mile marker 157, near Orange Beach, Alabama (the "Incident"). The Incident occurred at approximately 5 a.m. prior to sunrise when Whitworth struck the unlit barge projecting into the Intercoastal Waterway and was ejected from the vessel due to the impact. Petitioner Stephens Maritime Services, Inc. operated the M/V MISS DESTY, a tugboat with four loaded tows, including Barge BHS H101, and controlled the barge's movement and position. Following the incident, Whitworth filed suit in the Circuit Court of Baldwin County,

Alabama, style *Brandon Whitworth v. Stephens Maritime Services, Inc.*, Civil Action No. 05-CV-2020-900693.00.  *See* Doc. 13-2, Exhibit A.

On November 24, 2020, Petitioner commenced this action for exoneration from or limitation of liability under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, et seq. ("Limitation Act").  The Limitation Act "limits a vessel owner's liability for any damages arising from a maritime accident to the value of the vessel and its freight, provided that the accident occurred without such owner's 'privity or knowledge.'"  *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1033-34 (11th Cir. 1996).  Petitioner attached to its Verified Complaint an affidavit valuing the M/V MISS DESTY at $408,250.00 at the time of the Incident and further submitted an Ad Interim Stipulation for Value in the appraised amount of $408,250.00.  *See* Docs. 1-1, 1-2.

On December 2, 2020, the Court entered an Order for Monition and Enjoining Suits and for Stipulation of Value.  *See* Doc. 4.  Specifically, it ordered:

> [T]he further prosecution of any pending actions, suits or legal proceedings in any court whatsoever, and the institution and prosecution of any suits, actions, or legal proceedings of any nature and description whatsoever in any court, wheresoever, except in this proceeding for limitation of liability, against Petitioner, its controllers, underwriters, or the M/V MISS DESTY, in respect to any claim arising out of or in connection with the voyage of the M/V MISS DESTY on or about September 1, 2019, be and the same are hereby stayed and restrained until the hearing and determination of this action, and all warrants of arrests issued in such other suits, actions or legal proceedings be and the same are hereby dissolved.

*Id*. at 2.  This Order stayed the related State Court Action.

Whitworth filed an answer on January 27, 2021. *See* Doc. 6.  On June 2, 2021, Petitioner filed its proof of publication confirming the Mobile Press Register ran the Notice to Claimants on December 9, December 16, December 23, and December 30, 2020.  *See* Doc. 14.  Further, the date for claims (February 19, 2021) has now passed and no additional claims were filed outside of Whitworth.  *See* Doc. 4 at 2.  On May 14, 2021, Whitworth filed the unopposed motion to dissolve

injunction and lift stay.  Doc. 13.

## II.  DISCUSSION AND ANALYSIS

Federal courts are vested with exclusive admiralty jurisdiction to determine whether a vessel owner may have limited liability under the Limitation Act.  *Beiswenger*, 86 F.3d at 1036.  If a vessel owner is deemed liable, but entitled to limitation under the Act, "the admiralty court distributes the limitation fund [the value of the vessel and any pending freight] among the damage claimants in an equitable proceeding known as a concursus."  *Id*.  In a concursus, "all competing claims must be litigated" before the admiralty court "to provide for a marshalling of assets and for a setting of priorities among claims where the asserted claims exceed the value of the vessel and its freight."  *Id*. (quoting *S&E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 643 (6th Cir. 1982)).

However, as also noted in *Beiswenger*, the same statute that affords exclusive jurisdiction to federal admiralty courts to determine limitation issues (28 U.S.C. § 1333) also includes the "savings to suitors" clause, which allows claimants to pursue common law remedies in a forum of their choosing.  *Id.* at 1037.  There is, therefore, a "tension between the exclusive jurisdiction vested in admiralty courts to determine the vessel owner's right to limited liability and the saving to suitors clause."  *Id.*  In resolving that tension, the "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."  *Id.*

But courts "have attempted to give effect to both the Limitation Act and the saving to suitors clause whenever possible by identifying two sets of circumstances under which the damage claimants must be allowed to try liability and damages issues in a forum of their own choosing."  *Id.*  The first circumstance described in *Beiswenger* involves cases in which the limitation fund

exceeds the aggregate amount of possible claims. This is not such a case. The second circumstance noted in *Beiswenger* is a "single claimant" case, or a "multiple-claims-inadequate-fund" case which is the "functional equivalent" of a single claimant case. *Id.* at 1037 - 39. Claimants in single claimant cases, or functionally equivalent multiple-claims-inadequate-fund cases, may proceed under the savings to suitors clause if they make certain stipulations which "effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." *Id.* at 1038. This case falls in that second circumstance.

As the parties are in agreement on the matter and the timeframe for any other claims has passed, the Court need not provide an extensive discussion on the matter. Having reviewed the Whitworth's stipulations (Doc. 13-4, Exhibit C), the Court agrees with the parties that they meet the criteria set by *Beiswenger* and its progeny. Therefore, it is appropriate to accept the stipulations and permit the state court case to proceed under the "savings to suitors" clause.

### III.   CONCLUSION

Based on the above, it is **ORDERED** that the *Motion to Dissolve Injunction and to Lift Stay* (Doc. 13) is **GRANTED**. The stay and injunction imposed by this Court's December 2, 2021 order (Doc. 4) are lifted and dissolved, respectively, to allow Claimant Brandon Whitworth to litigate the liability and damages issues in the lawsuit pending in the Circuit Court of Baldwin County, Alabama, style *Brandon Whitworth v. Stephens Maritime Services, Inc.*, Civil Action No. 05-CV-2020-900693.00.

This Order is conditioned on Whitworth's stipulations dated May 13, 2021 and filed with this Court on May 14, 2021. Doc. 13-4. Further, this Order is entered under the saving to suitors clause of 28 U.S.C. § 1333(1). Any issues relating to Petitioner's rights under the Limitation Act shall be decided by this Court sitting in admiralty in these proceedings.

Finally, as Whitworth is the only claimant in this matter, the parties are **DIRECTED** to confer on this case and submit whether this case should be stayed pending resolution of the related state court case. The parties shall file a joint status report on the issue on or before **June 22, 2021**.

**DONE** and **ORDERED** this 2nd day of June 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE